In an action to recover damages for personal injuries, the plaintiff Mi Ok Kim appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered June 15, 2016, as granted those branches of the motion of the defendants/counterclaim plaintiffs and the separate motion of the plaintiff/counterclaim defendant which were for summary judgment dismissing the complaint insofar as asserted by her on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the motion of the defendants/counterclaim plaintiffs and the separate motion of the plaintiff/counterclaim defendant which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Mi Ok Kim on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident are denied.
 

 The defendants and the plaintiff/counterclaim defendant (hereinafter together the movants) met their prima facie burden of showing that the plaintiff Mi Ok Kim (hereinafter the appellant) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The movants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the appellant’s left shoulder and the cervical and lumbar regions of her spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). In opposition, however, the appellant raised a triable issue of fact as to whether she sustained a serious injury to the cervical and lumbar regions of her spine and her left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]).
 

 Accordingly, the Supreme Court should have denied those branches of the movants’ separate motions which were for summary judgment dismissing the complaint insofar as asserted by the appellant on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
 

 Dillon, J.P., Sgroi, Maltese, Barros and Christopher, JJ., concur.